THE LONG ISLAND RAILROAD COMPANY, Appellant, *v.*
THE CITY OF BROOKLYN, Respondent.

*Supreme Court, Second Department, General Term, February* 10, 1890.

*Railroads. Grade.*—A railroad company, under a consent to construct
its road so as to conform to the grade of the streets as laid down in the
grade maps of the city, must conform its road to the street grade on
all streets which are or may be opened.

Appeal from order denying motion for injunction.

The city served notice on plaintiff that after an interval
of two working days the commissioner of city works would
begin to fill in over its tracks at certain points where he
claimed said tracks were below the lawful grade of the street
crossings, and this action was brought to restrain such action.

*E. E. Sprague*, for appellant.

*A. F. Jenks*, for respondent.

BARNARD, P. J.—The plaintiff is the lessee of the New
York & Massachusetts Branch Railroad Company. This
company obtained and accepted the consent of the defendant
to construct its route through the city of Brooklyn " so as to
conform to the grade of the streets which they cross and run
through as laid down in the grade maps of the city."

The papers show that the city claims the right to have
certain of its streets raised at the railroad crossings so as to
conform to the old grade which existed when the consent
was given. The plaintiff asserts that there were no such
maps known as grade maps of the city. I think such a map
is proven as to the locality in question. The point is im-

material, as I view the situation of the parties. The agreement to conform to grade of streets applies to all streets which are or may be opened. The intent is that the city shall be superior in forming grades, and that the railroad shall conform to these grades ; as all streets in great and rapidly growing cities are projected in advance of an immediate necessity. When these grade maps are laid down the streets are opened in conformity with them ; the railroad must conform to the street grade.

Chapter 62, Laws of 1853, has no application to the case under this view of the situation of the parties in respect to the contract which governs them,

The order should, therefore, be affirmed, with costs and disbursements.

DYKMAN and PRATT, JJ., concur.